# Exhibit A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
------------------------------------------------------------------------X
HOWARD-SLOAN SEARCH, INC.

                        Plaintiff,

                 -against-

XCELLENCE, INC. d/b/a XACT DATA DISCOVERY
and ORANGE AUDIT SERVICES, LLC d/b/a ORANGE
RESEARCH GROUP,

                      Defendants.
------------------------------------------------------------------------X

**SUMMONS**

Index No.:

Basis for Venue:

Plaintiffs designate New York
County as the place of trial

**TO THE ABOVE-NAMED DEFENDANTS**:

     **YOU ARE HEREBY SUMMONED** to answer the complaint of the Plaintiff in this action, Howard-Sloan Search, Inc., copies of which are hereby served upon you, and to serve copies of your answer on the undersigned attorneys for the Plaintiffs within 20 days after service of the summons and complaint, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and, in case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      New York, New York
            December 31, 2018

                              THE ROTH LAW FIRM, PLLC

                              By:        /s/
                                   Richard A. Roth, Esq.
                                   295 Madison Avenue, Floor 22
                                   New York, New York 10017
                                   Tel. No.: (212) 542 – 8882
                                   Fax No.: (212) 542 – 8883

                                 *Attorneys for Plaintiff*

To:

Xcellence, Inc.
483 Tenth Avenue, Suite 510
New York, NY 10018

Orange Audit Services, LLC
483 Tenth Avenue, Suite 510
New York, NY 10018

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-----------------------------------------------------------------------X

HOWARD-SLOAN SEARCH, INC.                         :
                                                  :
                              Plaintiff,          :        **Index No.:**
                                                  :
         -against-                                :
                                                  :        **COMPLAINT**
XCELLENCE, INC. d/b/a XACT DATA                   :
DISCOVERY and ORANGE AUDIT SERVICES,              :
LLC d/b/a ORANGE RESEARCH GROUP,                  :
                                                  :
                              Defendant.          :

-----------------------------------------------------------------------X

Plaintiff Howard-Sloan Search, Inc. ("Howard-Sloan" or "Plaintiff"), by its attorneys The Roth Law Firm, PLLC, files this Complaint against Defendant Xcellence, Inc. d/b/a Xact Data Discovery ("Xact Data") and Orange Audit Services, LLC d/b/a Orange Research Group ("Orange Research") and states as follows:

## THE PARTIES

1.      Plaintiff Howard-Sloan is an executive search firm duly organized under the laws of the state of New York with its principal place of business in New York, N.Y.

2.      Upon information and belief, Defendant Xact Data is an eDiscovery and data management corporation organized under the laws of the State of Missouri, with an office at 483 Tenth Avenue, Suite 510, New York City, NY 10018.  Xact Data does business and transacted business in connection with this dispute in New York.

3.      Upon information and belief, Orange Research is an eDiscovery and data management corporation organized and existing under the laws of the State of Utah with an office and/or employee in New York State and doing business in New York State.  Upon information and belief, Orange Research is a wholly owned subsidiary of Xact Data Xact Data.

1

## JURSIDICTION AND VENUE

4.    This court has personal jurisdiction over this matter because all of the events giving rise to the claims herein occurred in New York County and Defendants maintain offices and/or an employee in New York, New York.

5.    Venue is proper in this court because the events giving rise to the claim herein occurred in New York County.

## UNDERLYING FACTS

6.    On or about March 14, 2018 Howard-Sloan and Xact Data executed a Fee Agreement Schedule (the "Fee Agreement") in anticipation of Howard-Sloan's referral of candidates to Xact Data. A copy of the Fee Agreement is annexed hereto as Exhibit A.

7.    Pursuant to Paragraph 2 of the Fee Agreement:

> Xact Data Discovery, and its successors and/or assigns shall pay Howard-Sloan a fee in the event that a candidate joins or affiliates with the company in any manner within 12 months after the later of [Howard-Sloan's] referral or the last contact between [Defendant] and Howard-Sloan or such candidate resulting from such referral (a "Placement").

Exhibit A.

8.    Pursuant to Paragraph 3 of the Fee Agreement: "The fee for a Placement is twenty-two percent (22%) of such candidate's projected total compensation, as of the start date, which shall include salary, draw, sign-on and other bonuses, regardless of when determined or paid." (the "Fee").

9.    Accordingly, on the face of the Fee Agreement, the twenty two percent of the placement was for the potential employee's "projected total compensation, as of the start date" and said compensation is expressly defined to include "salary, draw, sign-on and other bonuses."

2

10. Pursuant to Paragraph 4 of the Fee Agreement: "Payment of the Fee will be made in three equal installments at the conclusion of thirty (30) days, sixty (60) days and ninety (90) days from the date of hire." Id.

11. On or about March 15, 2018, Howard-Sloan submitted Frank Cervinka as a candidate (the "Candidate") for Xact Data and the interview process for the Candidate commenced.

12. On or about May 9, 2018, Xact Data made the Candidate an offer (the "Offer") for employment. A copy of the Offer is annexed hereto as Exhibit B.

13. Pursuant to the terms of the Offer, the Candidate was offered an annualized gross base salary of $175,000.00 (the "Salary") as well as a signing bonus of $1,281,250.00 (the "Signing Bonus").

14. As such, the total compensation to be paid to the Candidate as a result of signing the offer totals $1,456, 250.00.

15. In accordance with the terms of the Fee Agreement, Howard-Sloan is entitled to the Fee in the amount of 22% of the projected total compensation of the Candidate, which totals $320,375.00.

16. On or about May 17, 2018 the Candidate executed the Offer and began his employment on July 30, 2018.

17. On or about July 31, 2018, Howard-Sloan emailed its invoice in the amount of $320,375, along with IRS Form W-9 to Xact Data. A copy of the email invoice and Form W-9 are annexed hereto as Exhibit C.

18. On or about August 17, 2018, Howard-Sloan received a check in the amount of $12,833.33 from Orange Research. Thereafter, Howard-Sloan received two additional checks from Orange Research. A copy of said checks are annexed hereto as Exhibit D.

3

19.     On or about August 18, 2018, Robert Polus, President and CEO of Xact Data forwarded an email to Mitchell Berger, CEO of Howard Sloan, with an executed letter from the Candidate dated July 21, 2018 allegedly revoking the offer of employment with Xact Data.  A copy of said letter is annexed hereto as Exhibit E.

20.     Upon information and belief, on or about August 18, 2018, the Candidate was hired by Orange Research.

21.     Upon information and belief, the Candidate is working from the same location in which he was hired by Xact Data.

22.     Accordingly, Howard-Sloan is forced to bring this action.

### AS AND FOR A FIRST CAUSE OF ACTION FOR
### BREACH OF CONTRACT AGAINST XACT DATA

23.      Plaintiff repeats and reallages all above allegations as if set forth herein in their entirety.

24.     Howard-Sloan performed under the Fee Agreement.

25.     Xact Data breached the Fee Agreement by failing to tender the correct amount due thereunder.

26.     Xact Data accepted the services provided by virtue of the continued employment of the Candidate.

27.     Pursuant to the terms of the Fee Agreement, Xact Data was required to tender 22% of the total compensation paid to the Candidate in three equal installments at the conclusion of thirty (30) days, sixty (60) days and ninety (90) days from the date of hire.

28.      Despite demand for payment, Xact Data refused to tender the correct amount of the Fee due and owing to Howard-Sloan.

4

29.     As a result of the foregoing, Howard-Sloan has been damaged in an amount to be determined at trial, in the approximate amount of $400,000, plus interest and costs in connection with this action.

**AS AND FOR A SECOND CAUSE OF ACTION FOR
UNJUST ENRICHMENT**

30.     Plaintiff repeats and reallages all above allegations as if set forth herein in their entirety.

31.     It is inequitable and unjust for Defendants to retain those gains, advantages and benefits.

32.     To the extent Defendants have employed the Candidate, Defendants have retained such benefit without adequately compensating Howard-Sloan for such benefit.

33.     Defendants should not in equity and good conscience be permitted to retain the benefit bestowed on it by Howard-Sloan, without paying Howard-Sloan the correct amount of the Fee for its services.

34.     As a result of the retention of such benefit, Defendants have been unjustly enriched and is liable to Howard-Sloan.

35.     Accordingly, as a result of the unjust enrichment of Defendants, Howard-Sloan has incurred damages in an amount to be determined at trial, plus applicable interest, attorneys' fees, and costs.

**AS AND FOR A THIRD CAUSE OF ACTION FOR
THE BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

36.     Plaintiff repeats and reallages all above allegations as if set forth herein in their entirety.

37.     The Fee Agreement, as all agreements in the State of New York, contained an implied covenant of good faith and fair dealing which obligates Xact Data to refrain from taking

5

any action or inaction which would deprive Plaintiff of the benefits of the Fee Agreement or which would cause undue hardship or harm to Plaintiff.

38.     Xact Data has breached the implied covenant of good faith and fair dealing contained in the Fee Agreement by, among other things, failing to pay the correct amount of the Fee due Plaintiff.

39.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but upon information and belief to be in excess of $400,000.00.


**WHEREFORE**, Plaintiff respectfully requests Judgment in Plaintiff's favor in the amount of approximately $400,000 plus statutory interest at a rate of 9% per annum, attorneys' fees and costs together with and any other relief this Court deems just and proper.

DATED:      New York, New York
            December 21, 2018



                                    THE ROTH LAW FIRM, PLLC


                                    By:___s/ Richard A. Roth_____
                                         Richard A. Roth
                                    295 Madison Avenue, 22nd Floor
                                    New York, New York 10017
                                    Tel: (212) 542-8882
                                    *Attorneys for Plaintiff*

6

# Exhibit A



**Howard-Sloan Legal Search**

Specialists for Your Success® Since 1957

March 14, 2018

Dear Nick,

Thank you for your interest in our service. We are pleased to forward our fee schedule with respect to the placement of candidates with your company. Interviewing a candidate after our referral constitutes acceptance of the following terms:

This letter confirms that Xact Data Discovery, and its successors and/or assigns ("Xact Data") shall pay Howard-Sloan Search, Inc. ("Howard-Sloan") a fee in the event that a candidate joins or affiliates with the company in any manner within 12 months after the later of our referral or the last contact between the Firm and Howard-Sloan or such candidate resulting from such referral (a "Placement").

The fee for a Placement is twenty-two percent (22%) of such candidate's projected total compensation, as of the start date, which shall include salary, draw, sign-on and other bonuses, regardless of when determined or paid. Xact Data Discovery ("XDD") agrees to work with Howard-Sloan on an ongoing basis under these agreed upon terms

There is no charge until the candidate joins or affiliates with XDD. Payment of the fee will be made in three equal installments at the conclusion of thirty (30) days, sixty (60) days and ninety (90) days from the date of hire.

Howard-Sloan guarantees the Placement as follows: if the candidate is terminated for cause from the company within the first 90 (ninety) days, two-thirds (2/3) of the fee will be credited toward a replacement.

Kindly acknowledge below and return to my attention. We welcome the opportunity to work with you.

Very truly yours,

Joseph V. Alonzo
President – Legal Service Division, Howard-Sloan Search

Agreed to and
Accepted by: *Kate Mortensen*    Date:   3/14/18

Printed Name:   **Kate Mortensen**

# Exhibit B



# XDD EMPLOYMENT OFFER LETTER

**FRANCIS CERVINKA**
Senior Counsel

May 9, 2018

FILED: NEW YORK COUNTY CLERK 12/31/2018 11:32 AM
NYSCEF DOC. NO. Case 1:19-cv-01402-AKH   Document 1-1   Filed 02/13/19   Page 13 of 26

INDEX NO. 656497/2018
RECEIVED NYSCEF: 12/31/2018



XACT DATA DISCOVERY
Because you need to know

## XDD EMPLOYMENT OFFER LETTER

May 9, 2018

Dear Frank:

**WE MAKE GRIT HAPPEN**

Grit is the intangible force that drives people to excellence through determination and an undying spirit to achieve the impossible.  You can't teach grit.  Either you have it or you don't.

At XDD, true grit is the difference between getting a project done – and getting it done right.  It's baked in our cultural DNA.  It permeates our entire company.  And it's contagious with our customers and clients.

At XDD, we believe making career choices should be an uplifting experience, not a daunting task. We also believe people can achieve great things if their personal career aspirations are aligned with corporate initiatives.  Hence, we take the time to clearly define, communicate and evolve career opportunities throughout the entire hiring process – as well as throughout each person's career once they become an employee.

**XDD EMPLOYMENT OFFER**

Based upon our conversations, we believe you have the grit to achieve great things at XDD.  Your skills, experience and aspirations align quite seamlessly with our company goals.

We are very pleased to offer you the position of *Senior Counsel* with Xact Data Discovery. This position will report to Kate Mortensen, Chief Legal Officer.

This position will initially be home based but reporting to our Dallas Office at 12801 N Central Expressway, Suite 240, Dallas, TX 75243.

Your start date will mutually be determined upon acceptance of this offer.  This offer is valid until Friday, May 18th after which time it will expire.

## COMPENSATION

All wages and commissions are paid semi-monthly, on the 10th and 25th of each month.

Base Salary

- Your initial annualized gross base salary will be $ 175,000.00. This quoted rate is for convenience and not intended to serve as a guarantee of employment for any fixed period.
- You will also receive a commission based on the sales you generate on behalf of the Company:
  o 6% commission for EDD in a calendar year (forensics, processing, hosting & miscellaneous production work); and,
  o 3% commission on Managed Review Services in a calendar year.

Signing Bonus: You will receive a one-time Signing Bonus in the amount of $1,281,250.00 paid out every pay period, the 10th and 25th of every month for 15 months, in the gross amount of $42,708.34 per pay period less applicable taxes. You must be employed to receive the Signing Bonus. Further, if you terminate your employment with XDD for any reason during the first 15 months of Active Employment[1], you will be responsible for repaying XDD the Signing Bonus paid to you and forego any and all remaining payments of the Signing Bonus.

Further, if XDD terminates your employment "Without Cause"[2] prior to month 15 of Active Employment, you shall receive the full Signing Bonus.

Further, XDD reserves its right to terminate your employment for "Cause"[3] at any time during your employment. If XDD terminates you for Cause during the first 15 months of Active Employment, you will be responsible for repaying XDD the Signing Bonus paid to you and forego any and all remaining payments of the Signing Bonus.

Stock Grant:
- 469,275 shares at signing.
- 469,275 at first anniversary of your employment date.
- The vesting period is at 20% on each anniversary date over the next 6 years.

Commissions
- Commissions do not apply to non-commissionable items such as postage, shipping or hosting user fees.
- All outsourced work must have a 50% markup to be commission eligible.

---

[1] Active Employment defined as the first 15 months as calculated from your Start Date.

[2] "Without Cause" shall mean a termination by XDD of the Employee's employment during the first 15 months of Active Employment for any reason other than a termination based upon "Cause."

[3] "Cause" shall mean (i) any act or omission by the Employee constituting fraud under the laws of the State of Texas or the United States of America or the Employee misappropriating, stealing or embezzling Company funds or property or securing or attempting to secure personally any profit in connection with a transaction entered into for the Company; or (ii) the Employee is convicted of, pleads guilty to, or enters a plea of "nolo contendere" to any felony or to any crime involving breach of trust or moral turpitude (including, without limitation, driving while intoxicated or similar offense); or (iii) the Employee's willful misconduct which is injurious to any Company Entity; or (iv) the Employee's use and/or distribution of illegal substances while acting within the scope of the Employee's employment; or (v) the Employee fails after notice to perform or persistently neglects (other than by reason of illness or temporary disability, or by reason of vacation or approved leave of absence) the specific and lawful direction from the Company, or any material duties under this Agreement to the detriment of any Company Entity, any Company Entity's reputation or any Company Entity's prospects.

- Monthly earned commission payments and guaranteed commissions are split into two equal payments and paid one month in arrears on normal pay periods.
- All commissions are subject to certain restrictions, primarily relating to cash collections.
- All commissions on projects exceeding $100,000 are paid 50% the following month and 50% upon complete payment of the project.
- Commissions will be reversed on any project that has not been paid within 180 days of the invoice date.

In the event your employment terminates, any unpaid commissions will be held until such time as Xact Data Discovery receives complete payment of the invoiced sales. Xact Data Discovery retains the right to alter this, and any compensation plan at any time.

## BENEFITS

Upon successfully completing 30 days you will be eligible for all benefits offered by the company, including group medical, dental, short-term disability, long-term disability, accidental death & dismemberment, and life insurance.

Your benefit coverage will begin the first day of the month following completion of 30 days of service. Upon successful completion of six months of employment you will also be eligible to participate in the 401(k) plan. You will accrue Flexible Time Off (FTO) at a rate of 10 days per year the first year, 4 floating holidays, and six national holidays as outlined in the employee handbook.

We will reimburse you for all reasonable and customary business expenses, including mileage for client related trips. You will receive a laptop and mobile phone, which shall be used for business purposes only, adhering to appropriate company equipment use policies.

## CONDITIONS

This offer is subject to a normal background check, and verification of your resume and employment application. This offer is also contingent upon you signing the Xact Data Discovery Confidentiality, Non-Solicitation, Non-Competition and Restricted Covenants agreement.

We greatly look forward to having you as a member of our team. However, we recognize that you retain the option, as does the Company, of ending your employment with the Company at any time, with or without notice and with or without cause. As such, your employment with Xact Data Discovery is at-will and neither this letter nor any other oral or written representations may be considered a contract for any specific period of time.

We are very excited to have you join our company and look forward to your participation in its growth.

## THE XDD CULTURE

Culture, atmosphere, aura - whatever you call it, working at XDD is inspiring. Goals, expectations and priorities are clearly defined and communicated at all levels to ensure success individually and collectively. Metrics are laid out, plans are forged and actions are accounted for – all within an atmosphere of open, genuine communication.

Like our brand says, "At XDD, communication is everything – because you need to know."  We look forward to working together.

Sincerely,

*Kate Mortensen*

Kate Mortensen
Chief Legal Officer

_____

I agree to the terms and conditions set forth in this letter.

Provide Acceptance Signature Here:

Enter Date Here:  May 17, 2018

# Exhibit C

FILED: NEW YORK COUNTY CLERK 12/31/2018 11:32 AM
NYSCEF DOC. NO. 4   Case 1:19-cv-01402-AKH   Document 1-1   Filed 02/13/19   Page 18 of 26

INDEX NO. 656497/2018
RECEIVED NYSCEF: 12/31/2018

**Richard Roth**

| | |
|---|---|
| **From:** | Mark Truglio <markt@howardsloan.com> |
| **Sent:** | Tuesday, July 31, 2018 12:55 PM |
| **To:** | kmortensen@xactdatadiscovery.com |
| **Cc:** | nreizen@xactdatadiscovery.com; Joe Alonzo |
| **Subject:** | Accounting > Invoice 16233 > Xact Data Discovery > Placement of Frank Cervinka |
| **Attachments:** | 16233 Xact Data Discovery (Placement of Frank Cervinka).pdf; W-9 Form - Howard-Sloan Search, Inc..pdf |

Hello Kate,

Attached please find our invoice with respect to the Placement of Frank Cervinka. I have also attached our IRS Form W-9 for your accounting department.

Please let us know if you need any additional information.

Best regards,
Mark

**Mark D. Truglio**
*Chief Financial Officer* | **Howard-Sloan Search, Inc.**
555 Fifth Avenue, 3rd Floor, Suite 302 | New York, NY 10017
Office: 212-704-0444 x 368 | Direct Dial: 646-728-2368
Fax: 212-869-7999
MarkT@howardsloan.com



Howard-Sloan Search
Specialists for Your Success℠ Since 1957

# Howard-Sloan Search

Specialists for Your Success® Since 1957

555 Fifth Avenue, 3rd Floor
Suite 302
New York, NY 10017

Phone #   212-704-0444
Fax #       212-869-7999

| Bill To |
| --- |
| Kate Mortensen<br>Chief Legal Officer<br>Xact Data Discovery<br>12801 N Central Expressway, Suite 240<br>Dallas, TX 75243 |

# INVOICE

| Date | Invoice # |
| --- | --- |
| 7/30/2018 | 16233 |

| Terms | Starting Date | Payment Due |
| --- | --- | --- |
| Installment Agreement | 7/30/2018 | 8/29/2018 |

**For services in connection with:**

Placement of Frank Cervinka - Senior Counsel

**Fee:**

320,375.00

Payment Terms:
$106,791.66 Due on 8/29/2018
$106,791.67 Due on 9/28/2018
$106,791.67 Due on 10/28/2018

**Wiring Instructions:**

**Flushing Bank**
EIN: ▮
Routing: ▮
Account: ▮

Please note our new address:

**555 Fifth Avenue, 3rd Floor, Suite 302
New York, NY 10017**

**Total**       **$320,375.00**

**Please make all wires payable to Howard-Sloan Search, Inc.**

| Form **W-9** | | | | |
|---|---|---|---|---|
| (Rev. November 2017)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification**<br><br>▶ Go to *www.irs.gov/FormW9* for instructions and the latest information. | | | **Give Form to the<br>requester. Do not<br>send to the IRS.** |

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Howard-Sloan Search, Inc.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC    ☐ C Corporation    ☑ S Corporation    ☐ Partnership    ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) **5**

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

555 Fifth Avenue, 3rd Floor, Suite 302

**6** City, state, and ZIP code

New York, NY 10017

Requester's name and address (optional)

**7** List account number(s) here (optional)

*Print or type.*
*See Specific Instructions on page 3.*

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN,* later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

| | | – | | | – | | | | |
|---|---|---|---|---|---|---|---|---|---|

**or**

Employer identification number

| | – | | | | | | | |
|---|---|---|---|---|---|---|---|---|

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**    Signature of U.S. person ▶ _____    Date ▶ 1/1/2018

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9.*

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.*

# Exhibit D

## ORANGE AUDIT SERVICES, LLC DBA ORANGE RESEARCH GROUP

08/17/2018

**10014**

Howard-Sloan Search, Inc.
Account No.
Check No.
**10014**

| Document No. | Document Date | Posting Description | Amount | Discount | Net Amount |
|---|---|---|---|---|---|
| 081718 | 8/17/2018 | Invoice AP-208574 | 12,833.33 | 0.00 | 12,833.33 |

**Total**   12,833.33

---

**10014**

**ORANGE AUDIT SERVICES, LLC**
DBA ORANGE RESEARCH GROUP
5800 FOXRIDGE DRIVE, STE. 406
MISSION, KS 66202-2338
(913) 362-8662

KeyBank National Association

EZShield™ Check Fraud
Protection for Business

6-103/410

DATE               AMOUNT

08/17/2018      $******12,833.33

****TWELVE THOUSAND EIGHT HUNDRED THIRTY THREE AND 33/100 DOLLARS

PAY

TO THE
ORDER
OF:

Howard-Sloan Search, Inc.
555 5th Avenue, 3rd Floor, #302
New York, NY  10017

VOID AFTER 90 DAYS

AUTHORIZED SIGNATURE

⑈010014⑈

## ORANGE AUDIT SERVICES, LLC DBA ORANGE RESEARCH GROUP

10/15/2018

10019

| Howard-Sloan Search, Inc. | | | Account No. | | Check No. | | 10019 |

| Document No. | Document Date | Posting Description | Amount | Discount | Net Amount |
|---|---|---|---|---|---|
| 091718 | 9/17/2018 | Invoice AP-209644 | 12,833.33 | 0.00 | 12,833.33 |

| | | | | Total | 12,833.33 |

---

10019

**ORANGE AUDIT SERVICES, LLC**
DBA ORANGE RESEARCH GROUP
5800 FOXRIDGE DRIVE, STE. 406
MISSION, KS 66202-2338
(913) 362-8662

 KeyBank National Association

6-103/410

| DATE | AMOUNT |

10/15/2018       $******12,833.33

****TWELVE THOUSAND EIGHT HUNDRED THIRTY THREE AND 33/100 DOLLARS

PAY

TO THE ORDER OF:
Howard-Sloan Search, Inc.
555 5th Avenue, 3rd Floor, #302
New York, NY  10017

VOID AFTER 90 DAYS

AUTHORIZED SIGNATURE

⑈0⑈00⑈9⑈

## ORANGE AUDIT SERVICES, LLC DBA ORANGE RESEARCH GROUP

10025

**11/14/2018**

| Howard-Sloan Search, Inc. | | Account No. | | | Check No. | 10025 |

| Document No. | Document Date | Posting Description | | Amount | Discount | Net Amount |
|---|---|---|---|---|---|---|
| 101718 | 10/17/2018 | Invoice AP-210130 | | 12,833.34 | 0.00 | 12,833.34 |

| | | | | **Total** | | **12,833.34** |

HOLD TO LIGHT TO VIEW TRUE WATERMARK IN PAPER • HEAT SENSITIVE RED LOCK DISAPPEARS WHEN HEATED

10025

**ORANGE AUDIT SERVICES, LLC**
DBA ORANGE RESEARCH GROUP
5800 FOXRIDGE DRIVE, STE. 406
MISSION, KS 66202-2338
(913) 362-8662

 KeyBank National Association

EZShield™ Check Fraud Protection for Business

6-103/410

| | DATE | AMOUNT |

11/14/2018     $******12,833.34

****TWELVE THOUSAND EIGHT HUNDRED THIRTY THREE AND 34/100 DOLLARS

PAY

TO THE ORDER OF:

Howard-Sloan Search, Inc.
555 5th Avenue, 3rd Floor, #302
New York, NY  10017



VOID AFTER 90 DAYS

AUTHORIZED SIGNATURE

⑽0ⵏ00 25⑽

# Exhibit E



P) 913.362.8662
F) 913.362.8619
T) 877.545.XACT
5800 Foxridge Drive • Suite 406 • Mission, KS 66202

July 21, 2018

Frank Cervinka
*Via email*

Dear Mr. Cervinka,

Xact Data Discovery hereby withdraws any and all prior offers of employment, including offers for at-will employment with Xact Data Discovery, negotiated and previously accepted by you prior to July 21, 2018.

This revocation shall take immediate effect. Further, your signature below confirms the mutual revocation and your withdrawal of any prior acceptance by you of prior offers for at-will employment with Xact Data Discovery.

Sincerely,

*Kate Mortensen*

Kate Mortensen
Chief Legal Officer

Affirmed by: _____
                    Frank Cervinka